AMERICAN SAMOA GOVERNMENT, Appellee

v.

AUINA TO'OTO'O and JOHN W. VON CRAMM, Appellants

High Court of American Samoa
Appellate Division

AP 003-85

June 4, 1985

Before MURPHY, Associate Justice, KING,* Acting Associate
Justice, HEEN,** Acting Associate Justice, and OLO, Associate
Judge.

Counsel:   For the Appellee, John Parton, Assistant Attorney
           General
           For the Appellant, John Ward

## OPINION

Defendant Auina To'oto'o appeals from his conviction of the
offenses of Larceny and Fraud (Counts I and II), Embezzlement

(Count III), and making a false entry in a "book, report, or record" of the Development Bank of American Samoa (Development Bank) (Count IV).  Co-defendant John W. Von Cramm appeals from his conviction together with To'oto'o on Counts I, II and III. We affirm.

The information charged the defendants with (1) having unlawfully extended the Development Bank's guarantee of repayment of Bank of Hawaii's $15,000 loan to Von Cramm; (2) providing Von Cramm with a $20,000 loan from Development Bank; (3) transferring funds from the Development Bank's Lumana'i Building account to pay off the $20,000 loan; and (4) providing the Territorial Auditor with a false list of guaranteed loans -- one which did not include Von Cramm's guaranteed loan from Bank of Hawaii. To'oto'o was found guilty of all four charges, and Von Cramm was found guilty of the first three, but acquitted of the fourth.

Defendants argue on appeal that the trial court erred in denying their motions for new trial, judgment of acquittal and "arrest of judgment."  We will discuss first the motion in arrest of judgment.

I.

Defendants argue that the information fails to charge a crime, because the statute on which it is based, A.S.C.A. section 28.0111, applies only to Development Bank personnel and treats them differently from personnel of other banks.  They contend that section 28.0111 punishes as a felony an act which, if committed by an employee of another bank, under other statutes would be only a misdemeanor or cause for discharge.  We hold that the statute passes constitutional muster.

The fourteenth amendment to the United States Constitution guarantees that "No State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws."  A fourteenth amendment attack on a statute presupposes that persons subject to its provisions are in similar circumstances but receive unequal treatment from others. Here, defendants argue that employees of the Development Bank are similarly situated, yet treated differently from employees of other banks in American Samoa in violation of the fourteenth amendment.  The argument is without merit.

In an equal protection analysis, the first inquiry is as to the standard employed in the statutory classification of the statute.  Sklar v. Byrne, 727 F.2d 633, 636 (7th Cir. 1984).  "If the legislative classification neither impinges on a fundamental personal right nor employs an inherently suspect classification, courts will generally uphold the classification if it is rationally related to a legitimate state interest[.]"  Id.  See also  Plyler v. Doe, supra; Ohio Bureau of Employment Services v. Hodory, 431 U.S. 471 (1977); Massachusetts Board of Retirement v. Murgia, 427 U.S. 307 (1976); Dandridge v. Williams, 397 U.S. 47

(1970).

Here, the legislative classification involves neither a fundamental right nor a suspect classification. See, e.g., Massachusetts Board of Retirement v. Murgia, supra, at 312 n.3 and 4. The functions and goals of the Development Bank are quite different from other banks in American Samoa, and "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they are the same." Plyler v. Doe, 457 U.S. 202, 216 (1982) (quoting Tigner v. Texas, 310 U.S. 141, 147 (1940)). One statutory purpose of the Development Bank is to provide a mechanism to receive funds from the United States government and to invest those funds in or lend them to American Samoan residents for businesses contributing to American Samoa's economic development. Another purpose is to make loans to American Samoan residents for home construction. The proper conduct of the Development Bank's business by its employees for the accomplishment of those purposes is of special concern to the American Samoa Government (A.S.G.). It is well settled that a state may classify persons for the purpose of legislation and pass laws applying such classification. 16A Am. Jur. 2d Constitutional Law section 746 (1979). The general rule is broad enough to encompass a legislative scheme classifying the officers and employees of the Development Bank differently from employees of other commercial banks in American Samoa. We see nothing unreasonable or suspect in classifying separately employees of a specialized institution whose function is of extreme importance to A.S.G. We turn then to consideration of the second facet of equal protection analysis, the state interest.

As stated above, the primary function of the Development Bank is to encourage economic progress in American Samoa. That is an acceptable, if not mandatory, interest of the A.S.G., and the statute clearly is intended to further that legitimate interest. By its plain language, section 28.0111, A.S.C.A., is designed to discourage any fiduciary employed by the Development Bank or his accomplice from misappropriating "moneys, funds, credits or securities" belonging to the Development Bank. The singular purpose of those funds is the development of the Samoan economy. That purpose, in general, is crucial to every government and is a legitimate state interest. There is nothing arbitrary about visiting harsher criminal sanctions upon those whose actions are destructive thereof.

Citing United States v. Michael, 456 F. Supp. 335 (D.N.J. 1978), United States v. Krepps, 605 F.2d 101 (3d Cir. 1979), and United States v. Christo, 614 F.2d 486 (5th Cir. 1980), defendants argue there was no illegal misapplication of funds or credit and no showing of intent to injure or defraud the

Development Bank.4   Those cases are not helpful to defendants.

In Michael, the general rule is stated to be that, to constitute the offense of willful misapplication, there must be a conversion to the bank officer's own use, or to the use of someone else, of the money and funds of the bank by the party charged.   Id. at 339.  That is exactly what happened here.   The guarantee to Bank of Hawaii was a conversion of the Development Bank's credit, and the loan to Von Cramm was a conversion of its money, both to Von Cramm's use.   Additionally, the transfer of funds from the Lumana'i fund account to pay off part of the Development Bank loan to Von Cramm and transform Von Cramm's obligation to that of repaying a "salary advance" also comes within the general rule.

Also destructive of defendants' argument is the statement of the court in United States v. Krepps, supra, that "[i]ntent to injure or defraud a bank exists if a person acts knowingly and if the natural result of his conduct would be to injure or defraud the bank even though this may not have been his motive . . . [s]uch intent may be inferred from facts and circumstances shown at trial and is basically a fact question for the jury." Moreover, the court held that "[r]eckless disregard of the interests of the bank is equivalent to intent to injure or defraud[.]"  Id. at 104.   The evidence in this case clearly and overwhelmingly supports an inference of intent to defraud under those principles.

Defendants' argument that the information fails to charge an offense is without merit.   The wording of each count sufficiently recites the elemental facts and tracks the language of the statute and fully apprised defendants of the charges against them so as to allow them to prepare to meet those charges.   We turn now to defendants' motion for new trial.

## II.

It is fundamental law that a motion for new trial is addressed to the sound discretion of the trial court and the exercise of that discretion will not be overturned on review except upon its manifest abuse.   We find none here.

Our review of the record fails to support defendants' argument that the trial court misapplied A.S.C.A. section 28.0111.   As noted above, the extension of the Development Bank's

---

4.  Defendants have engaged in a confusing argument here. They did not fully develop the equal protection argument but, instead, launched into a discussion of the cited cases, arguing their application to the facts at bar.   The cases really seem to apply to their motions for new trial.   In either event, defendants' reliance on the equal protection argument and the cited cases is of no avail.

guarantee and the Development Bank's loan to Von Cramm constituted, respectively, a misapplication of its credit and its funds in violation of the statute. Defendants' argument that Von Cramm was not an officer of the Development Bank is irrelevant since the evidence showed that the purpose of the loan was not legitimate under section 28.0105. Also, the transfer of funds from the Lumana'i account to pay Von Cramm's loan from the Development Bank was a clear embezzlement. The argument that the Development Bank was merely paying its own money from one account to another ignores the fact that the Development Bank is still out the $20,000, which was not loaned for a legitimate purpose. Finally, the evidence unquestionably supports the charge that To'oto'o rendered a false report when he furnished an incomplete list of guaranteed loans to the auditor.

III.

As indicated in our discussion in sections I and II of this opinion, we find from our review of the record that the evidence is clearly sufficient to sustain the guilty verdicts on all counts, and defendants' motions for judgment of acquittal were property denied.

Affirmed.

---

*Honorable Samuel P. King, United States District Judge, District of Hawaii, sitting by designation of the Secretary of the Interior.
**Honorable Walter M. Heen, Associate Justice, Intermediate Court of Appeals, State of Hawaii, sitting by designation of the Secretary of the Interior.